448 So.2d 1185 (1984)
James R. GEORGES and Karen Georges, Etc., et al., Appellants,
v.
INSURANCE TECHNICIANS, INC., a Florida Corporation, Appellee.
No. 83-1153.
District Court of Appeal of Florida, Fourth District.
April 18, 1984.
Rehearing Denied May 17, 1984.
*1186 Richard F. O'Brien, III, Miami, for appellants.
Ronald D. Poltorack of Law Offices of Ronald D. Poltorack, P.A., Fort Lauderdale, for appellee.
DOWNEY, Judge.
Appellants seek review of an order denying a motion to grant relief from an order striking pleadings and denying a motion to vacate a default. The order denying a motion to vacate is appealable under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii); Silva v. Pedro Realty, Inc., 411 So.2d 872 (Fla. 1982).
Appellee, Insurance Technicians, Inc., sued appellants to recover the balance due from appellants for unpaid insurance premiums on insurance policies that appellee had procured for appellants. During the course of the litigation appellee filed a request for production of documents. On the last day of the time for production appellants filed a motion for a ninety day extension within which to comply. After a hearing on said motion, the trial court granted appellants an additional thirty days to produce. The new time for production came and went without any production or additional extension of time. Appellees then filed a motion for sanctions, which was heard on February 24, 1983. The trial court gave appellants ten additional days to produce the subject material. When production was not timely forthcoming a new motion for sanctions was filed. At the hearing on said motion on March 16, 1983, counsel for appellee advised the court that appellants' counsel would not attend due to a conflict but that counsel objected to imposition of any sanctions. On March 18, 1983, the trial court entered an order in which it found that appellants had not complied with two court orders for production; that appellants had made misrepresentations to the court; that some pleadings were evasive and incomplete and generally there was an absence of good faith on the part of appellants. In fact, the court found that "Defendants have embarked upon and traveled down a path of intentional delay and abuse of the system in clear violation of the Orders of this Court validly entered on December 21, 1982 and February 24, 1983."
We have seriously considered all of appellants' contentions relative to the March 16, 1983, hearing which they did not attend and find little support in the record for them. On the other hand, the carefully prepared order of the trial court granting *1187 sanctions and entering a default against appellants makes findings of fact that adequately support the action taken.
Accordingly, appellants have failed to demonstrate reversible error which requires that we affirm the order appealed from.
AFFIRMED.
ANSTEAD, C.J., and HERSEY, J., concur.