In re K.G.L. CONTRACTING
SERVICES, INC., Debtor.

COMMERCIAL GENERAL AGENCY,
INC., Plaintiff.

v.

K.G.L. CONTRACTING SERVICES, INC., a Florida corporation, and Insurance Technicians, Inc., a Florida corporation, Defendants.

Bankruptcy No. 83–00884–BKC–AJC.
Adv. No. 85–00242–BKC–AJC–A.

United States Bankruptcy Court,
S.D. Florida.

Aug. 9, 1985.

Ronald D. Poltorack, Fort Lauderdale, Fla., Charles Throckmorton, Kozyak, Tropin & Throckmorton, Miami, Fla., Michael K. Wilensky, Hollywood, Fla., for Insurance Technicians, Inc.

Scott Orth, Britton, Cassel, Schantz & Schatzman, P.A., Andrew C. Hall, Hall and O'Brien, P.A., Miami, Fla., for debtor.

Gregg L. Wirtz, Jacksonville, Fla., for Commercial General Agency, Inc.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A. JAY CRISTOL, Bankruptcy Judge.

This adversary proceeding, heard on May 29 and July 8, 1985, is an interpleader action involving the right to a fund of $6,947, that has been deposited in the court registry by Commercial General Agency (CGA). The fund is claimed by the debtor, K.G.L. Contracting Services, Inc. (KGL) and defendant, Insurance Technicians, Inc., (ITI). Additionally, KGL has asserted an affirmative claim for money damages against ITI based on fraud.

This court, after receiving and examining all the evidence, finds as follows:

### FACTS

1. James Georges and Karen Georges are husband and wife, who together own and control various corporations engaged in the interstate trucking business. Karen Georges owns 100% of the stock of K.G. Leasing, Inc., which in turn owns 100% of the stock of KGL.

2. Prior to KGL's bankruptcy, KGL, the Georges, and other companies controlled by the Georges hired ITI as their insurance agent. ITI had procured insurance for KGL from various insurance companies, including CGA.

3. The unrebutted trial testimony of Linda De Loach and Martin Dranit establish that KGL had no contractual privity with CGA. CGA's contract was with ITI. CGA looked exclusively to ITI for premiums in connection with the KGL policies.

4. ITI sued KGL, the Georges, and their affiliated companies for unpaid premiums in the case of *Insurance Technicians, Inc. vs. James R. Georges and Karen Georges, et al.,* Case No. 82–1285 CZ, in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, (the state court).

5. On March 18, 1983, the state court entered a default judgment against KGL in the above-cited case. The Florida Fourth District Court of Appeal affirmed the default judgment in *Georges v. Insurance Technicians, Inc.,* 448 So.2d 1185 (Fla. 4th DCA 1984).

6. On June 8, 1984, the state court entered final judgment against the Georges and affiliated companies (except KGL, which by then was in bankruptcy) in the amount of $19,650.19.

### DISCUSSION

Beyond the battle of computations presented at trial as to which party's figures are inaccurate and incomplete, the essence of this adversary matter can be distilled into two basic issues. The first consideration is who is entitled to the interpleaded funds. The remaining issue concerns KGL's right to the funds on some independent basis if the funds were to be awarded to ITI.

■ Flowing naturally from the findings of fact, this court concludes that since KGL had no contractual privity with CGA, the interpleaded funds represent an indebtedness from CGA to ITI. Essentially, KGL is a stranger to the contract between ITI and CGA and the indebtedness resulting from that agreement.

But certainly ITI and the principals of KGL are no strangers to each other in the courtroom. The previous litigation in which these parties had engaged effectively raises the operation of res judicata between them. However, because of the automatic stay, KGL was not a party to the state court final judgment entered on June 8, 1984.

■ The next consideration is whether the principle of res judicata binds KGL. The position of the Eleventh Circuit Court of Appeals clearly provides that:

a litigant may be precluded from litigating an issue based on a prior lawsuit in which although he was not a party, his interests were represented by a party ... [but] only when the respective interests are closely aligned and the party to the prior litigation adequately represented those interests. *Delta Air Lines, Inc. v. McCoy Restaurants, Inc.,* 708 F.2d 582, 587 (1983).

This analysis also applies in bankruptcy proceedings where a party's "involvement and position in the earlier suit adequately represented any interest" which the aligned party may assert. *In re King Memorial Hospital, Inc.*, 42 B.R. 942, 945 (Bankr.S.D.Fla.1984) (Weaver, J.). In the present case, the parties could hardly either be more closely aligned or their mutual interests less forcefully represented.

■ The state court proceeding concluded with a default judgment for failure of KGL's principals to comply with court orders. For purposes of res judicata, a dismissal for violation of a court order is a final determination on the merits. *Hinchee v. Fisher*, 93 So.2d 351 (Fla.1957). When a final decree or judgment of a court becomes absolute, it "puts at rest ... every justiciable, as well as every actually adjudicated, issue." *Gordon v. Gordon*, 59 So.2d 40, 43 (Fla.1952).

From the foregoing, this court concludes that KGL has no independent basis to support its claim or to assert a new claim to the interpleaded funds.

Pursuant to B.R. 9021(a), a Final Judgment for ITI incorporating these findings of fact and conclusions of law is being entered this date.