Thomas C. TERRY, Dan Fields, Jim Crowe, Keith Barker, James A. Richards, Don Wright, David L. Giltz, Dale Bishop, Tony Baity, James R. Davis, Don Britt, Lonnie Davis, Jim Wilson, David C. King, Donald E. Henderson, Arthur Jarrell, Ron Ray, J.C. Greer, Gary Peebles, Harold Dyson, Ed Strange, Sam E. Callahan, George C. Blankenship, Jr., Paul Embry, Clayton Worley, John R. Marshal, and Robert C. Munsey, Plaintiffs,

v.

CHAUFFEURS, TEAMSTERS AND HELPERS, LOCAL 391; and McLean Trucking Company, Inc., Defendants.

No. Civ. C–83–693–WS.

United States District Court,
M.D. North Carolina,
Winston–Salem Division.

June 30, 1987.

Ellen R. Gelbin, Robert M. Elliot, Winston–Salem, for plaintiffs.

J. David James, Greensboro, N.C., for defendants.

## MEMORANDUM OPINION

BULLOCK, District Judge.

Plaintiffs allege that McLean Trucking Company, Inc. ("McLean") breached their collective bargaining agreement by transferring them to Winston–Salem and then laying them off after recalling other Winston–Salem truckers. Plaintiffs allege that the union colluded with McLean in implementing the lay-offs and in refusing to represent their claims against the company, thereby breaching its duty of fair representation. McLean has since declared bankruptcy, and this case is stayed as to McLean pending a final bankruptcy order. 11 U.S.C. § 362(a). Plaintiffs have filed claims in the bankruptcy proceeding. The union now asks the court to stay all prosecution of the case against it, saying McLean is an indispensable party to the case, without whose presence the case as a whole should be held in abeyance. Plaintiffs object, seeking to proceed in McLean's absence.

The basic issue raised here is under what circumstances should bankruptcy's automatic stay operate to put on hold pending litigation against the debtor's co-defendants. In the usual case, litigation against solvent co-debtors and joint tortfeasors may proceed without the participation of the bankrupt debtor. *Williford v. Armstrong World Indus., Inc.,* 715 F.2d 124 (4th Cir.1983); *Lynch v. Johns–Manville Sales Corp.,* 710 F.2d 1194 (6th Cir.1983). This rule applies under either the automatic stay provisions of the Bankruptcy Code, 11 U.S.C. § 362, or the inherent discretionary power of a court to manage its docket. *Williford,* 715 F.2d at 127.

There are circumstances, however, in which a stay of pending proceedings as to co-defendants of a bankrupt debtor is appropriate. The Fourth Circuit has decided a case on this question, writing an opinion which offers the most in-depth analysis of any circuit. *A.H. Robins Co., Inc. v. Piccinin,* 788 F.2d 994 (4th Cir.) (Dalkon Shield case), *cert. denied,* —— U.S. ——, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986). There, the court held that a bankruptcy court had the power to stay actions against the debtor's insurer, its officers, and a research physician who was indemnified by the company. *Id.* at 1007–08. The court considered several cases interpreting the scope of bankruptcy's automatic stay and found that in cases involving defendants whose liability was contingent on the liability of a debtor in bankruptcy, or in cases involving a defendant indemnified by a debtor, courts have stayed proceedings against those nonbankrupt defendants on the grounds that continuing in the absence of the debtor would subject the defendants to potentially inconsistent judgments or would effectively extinguish the debtor's indemnification obligation. *Id.* at 999–1001 (analyzing *In re The Metal Center, Inc.,* 31 B.R. 458 [Bankr.D.Conn.1983]; *Seybolt v. Bio-Energy of Lincoln, Inc.,* 38 B.R. 123 [Bankr.D.Mass.1984]; *In re Brentano's, Inc.,* 27 B.R. 90 [Bankr.S.D.N.Y.1983]; and *Pacor, Inc. v. Higgins,* 743 F.2d 984 [3d Cir.1984] ). The Fourth Circuit concluded that

11 U.S.C. § 362(a)(1) "stays actions against the debtor and arguably against those whose interests are so intimately intertwined with those of the debtor that the latter may be said to be the real party in interest." *Id.* at 1001.

This 'unusual situation,' it would seem, arises when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor. An illustration of such a situation would be a suit against a third-party who is entitled to absolute indemnity by the debtor on account of any judgment that might result against them in the case. To refuse application of a statutory stay in that case would defeat the very purpose and intent of the statute.

*Id.* at 999.

Moreover, the bankruptcy court's power to stay a pending action against non-bankrupt co-defendants was found by the Fourth Circuit to be conferred also under its general grant of jurisdiction, 28 U.S.C. § 1334, but that power is limited and courts "must 'weigh competing interests and maintain an even balance' and must justify the stay 'by clear and convincing circumstances outweighing potential harm to the party against whom it is operative.'" *Id.* at 1003 (quoting *Williford,* 715 F.2d at 127). The *Williford* case applied the same rule to a district court's action in denying a stay to co-defendants in an asbestos case, using Justice Cardozo's language in a similar circumstance: "'The suppliant for a

stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else.'" 715 F.2d at 127 (quoting *Landis v. North American Co.,* 299 U.S. 248, 255, 57 S.Ct. 163, 166, 81 L.Ed. 153 [1936]).

Thus, granting a stay to a co-defendant of a bankrupt debtor can be justified under the Bankruptcy Code's policy of protecting the debtor from becoming open to new liability while in bankruptcy, and under the general equitable principle that one defendant should not be subject to judgment for a liability contingent upon or defined by the liability of an absent debtor. In either case, the granting of a stay would be the unusual circumstance, done only after balancing the competing interests and after a "clear case of hardship or inequity has been shown." *Landis,* 299 U.S. at 255, 57 S.Ct. at 166; *A.H. Robins,* 788 F.2d at 999, 1003.

The first rationale does not appear applicable here, for there is no indication that a judgment against the union will automatically open McLean to new liability: the judgment would not be binding as to McLean,[1] and McLean has certainly not indemnified the union against liability for refusing to press its members' claims against McLean. Thus, there is no bankruptcy reason to order a stay.

Deciding the question under the other rationale turns largely on whether the hardship to the union of defending without McLean outweighs the hardship to Plaintiffs of waiting. In some measure, the liability of the union is contingent upon the

---

1. As for whether McLean would be collaterally estopped from later litigating issues decided in this case while the automatic stay keeps it an inactive litigator, it would seem the same policy behind the stay that prevents claims from being decided against a debtor *directly,* while in bankruptcy, should also prevent those claims from being decided against it *indirectly,* by means of suit against a "virtual representative," *i.e.,* one whose interests are intimately aligned with the debtor's, and who will adequately represent those interests. *See A.H. Robins,* 788 F.2d at 1001. *But see In re K.G.L. Contracting Services, Inc.,* 52 B.R. 235, 236 (Bankr.S.D.Fla.1985) (holding that debtor would be barred by *res*

*judicata* from contesting state court judgment against affiliated companies rendered while debtor was under automatic stay, as affiliated companies were "closely aligned and adequately represented [the debtor's] interests"). In any event, it does not appear that the union here could fairly qualify as McLean's "virtual representative" for collateral estoppel purposes, for though their interests converge to the extent that each wishes to defeat the Plaintiffs' present claims, each may wish to do so by pointing at the other as the wrongdoer. Thus, McLean should not be adversely affected by a judgment against the union.

liability of McLean, and, were it to defend alone, it might have an unfair burden of disproving McLean's liability, a burden Mc-Lean would normally have shouldered itself, in order to disprove its own.

Still, Plaintiffs' hardship in waiting for any relief may outweigh that of the union in defending without help a case which it would have had to defend to a significant degree in any event. One consideration that, in the estimation of the court, tips the scale in favor of Plaintiffs is that employers and unions are generally not considered indispensable parties under Rule 19, Fed.R. Civ.P., in cases such as this. Thus there is a plausible argument that continuing the case against one but not the other is not inequitable. As the Ninth Circuit said in *Kaiser v. Local No. 83*, 577 F.2d 642 (9th Cir.1978),

> Neither an employer nor a union is an indispensable party in an action against the other by an employee-union member when the action against the employer is based on a violation of the terms of the collective bargaining agreement and the action against the union is based on the statutory duty of fair representation.

*Id.* at 644. That court also pointed out that this reasoning was implicitly approved by the Supreme Court in *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), and *Czosek v. O'Mara*, 397 U.S. 25, 90 S.Ct. 770, 25 L.Ed.2d 21 (1970). *Id.* at 645. Several other courts have similarly concluded that employers and unions are not indispensable parties in employees' suits against the other. *See, e.g., Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957) (employer not indispensable party in fair representation suit under Railway Labor Act); *Diaz v. Schwerman Trucking Co.*, 709 F.2d 1371, 1375 (11th Cir.1983) (union not an indispensable party); *Hayes v. New England Millwork Distributors, Inc.*, 602 F.2d 15, 19 n. 2 (1st Cir.1979) (following *Kaiser*); *Sandobal v. Armour & Co.*, 429 F.2d 249 (8th Cir.1970) (union not indispensable party); *Holder v. Pet Bakery Division, I.C. Industries, Inc.*, 558 F.Supp. 287 (N.D.Ga. 1982) (union not indispensable party). *But see Gersbacher v. Commercial Carriers,*

*Inc.*, 91 F.R.D. 533 (E.D.Mich.1981) (union is an indispensable party).

Indeed, the equitable factors cited by Fed.R.Civ.P. 19(b) to be considered by a court in determining whether a case should proceed in the absence of a party who cannot be joined are relevant to the similar problem of staying a case in the absence of a bankrupt co-defendant. These factors are directed not at whether a complete adjudication of the dispute may be had, but at the fairness of the potential remedy:

> The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or to those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed.R.Civ.P. 19(b). Applying these factors to the present case, first, the court has already noted that McLean will not be prejudiced by a judgment in this case against the union. Neither will the union be subject to inconsistent or multiple judgments if the case goes forward to its end. Considering the second factor, the court would be required, whether McLean were present or not, to shape the relief carefully under Plaintiffs' breach of contract/breach of duty of fair representation theory, so as to apportion to the union only those damages due to the union's alleged failure to represent fairly. *Czosek v. O'Mara*, 397 U.S. at 29, 90 S.Ct. at 773; *Vaca v. Sipes*, 386 U.S. at 196–97, 87 S.Ct. at 919–21. If, however, Plaintiffs succeed in proving their theory of conspiracy between the union and Mc-Lean, the union would be jointly and severally liable for all damages. Under either theory the union will suffer no prejudice in paying for damages to which it did not contribute. On the third factor, although it is possible that relief will be complete in McLean's absence, Plaintiffs acknowledge that obtaining complete satisfaction from

McLean, whether through or after bankruptcy, is a practical improbability, and have chosen to pursue what relief the union can afford. Plaintiffs thus waive the inequity of the inadequate remedy this proceeding can give. Finally, the fourth factor is inapposite when only a stay, and not dismissal, is under consideration. By analogy, however, the court observes that the chances that Plaintiffs' remedy will approach adequacy if a stay is granted are no better than if the case is allowed to proceed. In sum, the equitable considerations listed in Rule 19(b) indicate that permitting Plaintiffs to continue prosecution against the union would not be contrary to equity and good conscience.

The most forceful argument the union puts forward, then, is simply that it bears an unfair burden in presenting a complete defense, when in other circumstances it would have had to present only half of one. If, however, the union could have been sued by itself, the fact that its co-defendant has been effectively removed from this case should be very little reason to impede the case's progress. As the cases discussing indispensable parties show, the union might very well have been sued for its alleged breach of fair representation alone: "If both the union and the employer have independently caused damage to employees, the union cannot complain if separate actions are brought against it and the employer for the portion of the total damages caused by each." *Czosek v. O'Mara*, 397 U.S. at 29, 90 S.Ct. at 773. *See also Vaca v. Sipes*, 386 U.S. at 197, 87 S.Ct. at 920–21; *Conley v. Gibson*, 355 U.S. at 45, 78 S.Ct. at 101–02.

Therefore the court concludes that the union has failed to show a "clear case of hardship or inequity," *Landis*, 299 U.S. at 255, 57 S.Ct. at 166, and its motion for a stay of all proceedings in this case will be denied.

An order consistent with this memorandum opinion shall be entered contemporaneously herewith.