[Cite as *Zimmerman v. Worley*, 2009-Ohio-3819.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

JOHN W. ZIMMERMAN,

    PLAINTIFF-APPELLEE,               CASE NO.  13-09-18

    v.

NORMA WORLEY,                        O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Seneca County Common Pleas Court

Trial Court No. 07-CV-0138

**Appeal Affirmed**

**Date of Decision:   August 3, 2009**

**APPEARANCES:**

    *Mark R. McBride*  for Appellant

    *Drew A. Hanna*  for Appellee

**SHAW, J.**

{¶1} Defendant-Appellant Norma Worley, fka Norma Zimmerman ("Worley") appeals from the March 16, 2009 Journal Entry of Judgment of the Court of Common Pleas of Seneca County, Ohio determining that she has not established that she is an "innocent spouse" and awarding Plaintiff-Appellee John W. Zimmerman ("Zimmerman") a sum of $8,073.00.

{¶2} This matter stems from tax liabilities incurred during the marriage of Worley and Zimmerman. Worley and Zimmerman were married on March 16, 1968 in Fostoria, Ohio. Throughout the marriage, the parties resided in Seneca County. Worley and Zimmerman dissolved their marriage on January 5, 1995.

{¶3} During the course of the marriage, the parties filed joint tax returns for the years from 1986-1991. It is unclear from the record whether those were the only years that the parties filed jointly. At some point, the Internal Revenue Service (IRS) audited the joint tax returns of Worley and Zimmerman. The audit resulted in a joint tax liability for the returns from 1986-1991 of $307,450.00. The record before this Court is unclear as to the current amount owed to the IRS, due to increases from interest and penalties. It appears that additional amounts may also be owed and later assessed.

{¶4} Zimmerman's bank accounts have been garnished to pay a portion of this tax liability. His tax refunds have also been applied to the tax liability. In

total, Zimmerman has paid $16,145.00 toward the tax liability that is due. It appears that Worley may also have paid something toward the tax liability in the case.

{¶5} On March 16, 2007 Zimmerman filed a complaint for contribution from a joint debtor against Worley. In his complaint, Zimmerman requested that Worley pay half of the amount he paid on the common liability of the parties which amounted to $8,073.00 with interest from the date payments were taken from Zimmerman.

{¶6} On May 14, 2007 Worley filed an answer with numerous affirmative defenses, including an assertion that she is an "innocent spouse" as defined in the Ohio Revised Code. Worley also filed a third-party complaint requesting that the trial court dismiss the complaint and assign costs to Zimmerman, or in the alternative, that the IRS be joined as a third-party defendant so that the amount of tax liability, related interest, and penalties can be accurately ascertained and assessed to the parties.

{¶7} On May 18, 2007 Zimmerman requested that Worley turn over to him any identifying information on her "innocent spouse" challenge to the IRS. On May 31, 2007 Zimmerman filed a notice of removal to federal court. On November 6, 2007 the United States District Court for the Northern District of Ohio noted that there was no basis for the removal of this case to federal court.

The district court noted that "the basis for this case's removal from state court, the filing of an innocent spouse claim with the Internal Revenue Service by Defendant, does not in fact apply to this case." The district court then remanded the case back to the Seneca County Court of Common Pleas.

{¶8} On December 3, 2007 Zimmerman filed a motion for summary judgment. On December 24, 2007 Worley filed a memorandum in opposition to Zimmerman's motion for summary judgment. On January 4, 2008 the trial court overruled Zimmerman's motion for summary judgment.

{¶9} On March 14, 2008 Worley filed a motion for summary judgment. On April 28, 2008 Zimmerman filed a memorandum in opposition to Worley's motion for summary judgment. On May 2, 2008 Worley's motion for summary judgment was overruled.

{¶10} The matter was set for trial on May 30, 2008. It appears that this matter did proceed to trial at that time. However, this Court was not provided with a transcript of those proceedings. On June 30, 2008 both Zimmerman and Worley filed written closing arguments.

{¶11} On July 10, 2008 the trial court issued a Journal Entry of Judgment finding as follows, with respect to Worley's innocent spouse claim:

> **Under 26 C.F.R. § 1.6015-7(c)(1), any and all proceedings must be stayed while an innocent spouse request is pending and for 90 days after such request has been denied, unless the IRS determines that collection will be jeopardized by delay.**

(Internal citations omitted).

**{¶12}** Because of the innocent spouse claim the trial court also found that the case was "not yet ripe for adjudicating the matter before us, as there has been no final determination as to whether [Defendant] has any liability, and this Court is of the opinion that this suit is premature." (internal citations omitted). Therefore, the trial court ordered that the case be stayed "until Defendant's Innocent Spouse status is determined by the IRS. Upon notification of IRS determination or December 31, 2008, this case will be reactivated for further Court action."

**{¶13}** On January 9, 2009 Zimmerman made a motion to reactivate the case. On March 16, 2009 the trial court issued a Journal Entry of Judgment ordering Worley to pay the sum of $8,073.00 and finding as follows:

> **This case had been reactivated pursuant to this Court's Order. As of March 11, 2009, no determination has been issued by the Internal Revenue Service upon the request of Defendant for her request as an innocent spouse.**
>
> **Plaintiff's counsel correctly points out this matter has been pending for years. The Court incorporates its July 10, 2008, Opinion and rules that the Defendant has not established she is an "innocent spouse". The Court, during the testimony learned defendant also benefitted from the tax filings.**

**{¶14}** Worley now appeals, asserting a single assignment of error.

**ASSIGNMENT OF ERROR**

**THE TRIAL COURT ERRED BY ALLOWING CONTRIBUTION FROM APPELLEE'S FORMER SPOUSE, APPELLANT, IN THE AMOUNT OF HALF OF A SUM OF MONEY LEVIED FROM APPELLEE BY THE INTERNAL REVENUE SERVICE (IRS) FOR A TAX LIABILITY WHEN APPELLANT HAD APPLIED FOR RELIEF FROM JOINT AND SEVERAL LIABILITY AS AN "INNOCENT SPOUSE" BEFORE THE IRS AND SUCH APPLICATION HAD NOT BEEN DENIED AS OF THE DATE OF JUDGMENT AND WHEN CONTRIBUTION HAS NEVER BEEN UTILIZED AS A REMEDY FOR TAX LIABILITIES IN THE STATE OF OHIO.**

**{¶15}** In her only assignment of error, Worley contends that the trial court erred in ordering contribution for several reasons. However, as an initial matter, we note that Worley has not provided this Court with a transcript of the May 30, 2008 hearing. The burden is on the appellant, who is claiming error in the proceedings below, to provide the appellate court with a transcript of the proceedings. App.R. 9(B). Absent a complete and adequate record, "[a]n appellate court reviewing a lower court's judgment indulges in a presumption of regularity of the proceedings below." *State v. Miyamoto*, 3rd Dist. No. 14-05-43, 2006-Ohio-1776 quoting *Hartt v. Munobe* (1993), 67 Ohio St.3d 3, 7, 615 N.E.2d 617; *State v. Pringle,* 3rd Dist. No. 2-03-12, 2003-Ohio-4235, ¶ 10.

**{¶16}** Moreover, Worley has not shown that the trial court erred in reactivating this case. Although the trial court relied on 26 C.F.R. § 1.6015-

7(c)(1) to stay the prior proceedings, 26 C.F.R. § 1.6015-7(C)(4)(ii) provides as follows:

> **For purposes of this paragraph (c), proceedings in court means suits filed by the United States for the collection of Federal tax. Proceedings in court does not refer to the filing of pleadings and claims and other participation by the Internal Revenue Service or the United States in suits not filed by the United States, including Tax Court cases, refund suits, and bankruptcy cases.**

Therefore, despite the trial court's own findings, it does not appear that the trial court was ever required by federal law to stay proceedings, nor has Worley demonstrated that the trial court was without authority to lift its own stay of the proceedings.

{¶17} Finally, Worley has not shown that a right of contribution for tax liability is not allowed under Ohio law. On the contrary, Federal courts have suggested that such contribution may be allowable under state law. See *Ravetti v. U.S.* (9th Dist. 1994), 37 F.3d 1393. Again, nothing provided by Worley establishes that Ohio law would preclude such a remedy. Having established no error in the final judgment of the trial court, Worley's only assignment of error is overruled.

{¶18} Based on the foregoing, the March 16, 2009 Journal Entry of Judgment of the Court of Common Pleas of Seneca County, Ohio is affirmed.

*Judgment Affirmed.*

**PRESTON, P.J. and WILLAMOWSKI, J., concur.**

Case No. 13-09-18

**/jlr**