IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS



**FILED**
November 22, 2023 05:05 PM
SX-2002-CV-00598
TAMARA CHARLES
CLERK OF THE COURT

**SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| IN RE: CERTAIN CASES UNDER A DISCRETIONARY BANKRUPTCY STAY. | |
| JULIAN ST. ROSE; VIRGINIE GEORGE; RAYMOND ALLEYNE; EDGAR BARRIOS; AND OTHER PERSONS TOO NUMEROUS TO MENTION, A CLASS ACTION, <br><br> PLAINTIFFS, <br><br> V. <br><br> VIRGIN ISLANDS INDUSTRIAL MAINTENANCE CORPORATION; HOVENSA, LLC; HOVIC; AND THE HESS CORPORATION, FORMERLY KNOWN AS AMERADA HESS CORPORATION, <br><br> DEFENDANTS. | **Case No. SX-2002-CV-00598** <br><br> Action for Damages <br><br> Complex Litigation Division <br><br> Jury Trial Demanded |
| DIANE CORNWALL; ELTON CLENDENEN; AND OTHER SIMILARLY SITUATED WHO ARE TOO NUMEROUS TO IDENTIFY, A CLASS ACTION, <br><br> PLAINTIFFS, <br><br> V. <br><br> VIRGIN ISLANDS INDUSTRIAL MAINTENANCE CORPORATION; HOVENSA, LLC; AND PINNACLE SERVICES, LLC, <br><br> DEFENDANTS. | **Case No. SX-2002-CV-00641** <br><br> Action for Damages <br><br> Complex Litigation Division <br><br> Jury Trial Demanded |
| JUAN CASTILLO; STIRLING CANNONIER; ANDREW BRIDGEWATER; ELISHA MONDESIR; ROGER CAUL; JULIAN THOMAS; TIMOTHY DANIEL; FELTON WARNER; LUIS FULGENCIO; JOHN STEEDLEY; OLIVER MARCELLE; ELI RODRIGUEZ; GRANTLEY YOUNG; ORAL STANLEY; GERALD WELLS; AUBREY | **Case No. SX-2009-CV-00299** <br><br> Action for Damages <br><br> Complex Litigation Division <br><br> Jury Trial Demanded |

MACEDON; SABINO FELIX CASTILLO; ANDRES NIEVES, JR.; ROQUE MELO-POLANCO; ALBERT WILLIAMS; DAVID GRIFFITH; ANTONIO GEORGE; ANDREA FREEMAN; NESSIE SMITHEN-FRANCIS; CECIL COKER, JR.; PATRICK CHARLES; WILFRED CANTON; GREGORY BODLEY; STACY ANDREW; REGINALD WILLIAMS; FRANCO ALVAREZ; MAGDALENE WILLIAMS; HORATIUS POPO; VANCE ALEX PEMBERTON; PETERSON MASSICOT; COLLINS MCNEAL MATTHEW; STEVE JAVOIS; RICHARD INCE; MIGUEL ENCARNACION; DESMOND EMANUEL; OMARI DALEY; MAURECIO COMMABATCH; JERRY O'REILLY; TRENT WILLIAMS; DENNIS ANTONIO FERDINAND; RICKY CALEB; KENNETH WILLIAMS; GILBERTO CAMACHO; STEADFORD BUFFONG; CLIFFORD EMMANUEL; STEVE TINDELAND; MALCOLM FABIO, JR., MIGUEL FIGUEROA; PETER CUFFY; WULSTON PAUL; JOSEPHAT EDWARDS; OVIDIO AQUINO; VINCENT ADAMS, JR.; PAUL STEPHEN HENRY; ORTIZ DWIGHT BROWNE; SHERN MAYNARD; PETER COLE; JOSEPH OSCAR; MARCELLUS PHILLIP; JEFFERY NATIONS; SYRON PETER BLAKE; VIVIAN LAWRENCE; BEDI HUGGINS; EUSTACE CHARLES; MIGUEL BERMUDEZ; PIUS AURELIEN; DENNIS JULES; SIMONE ABRAMSON; PETER GEORGE; MITCHE MATTHEWS; BENEDICT AUSTRIE; DALE ORRIN CONNOR; MANUEL REYES; SYDNEY SEALEY; MIGUEL CAMACHO; JUNIOR RICHARDS; BARRY HALL; BRENT WILLIAMS; JONATHAN SANTIAGO GONZALES; DAVID ALEXANDER; HUGH EVANS; AND VAUGHN NEVIN WARNERS,

PLAINTIFFS,

V.

ST. CROIX BASIC SERVICES, INC.; BASIC INDUSTRIES, INC.; HOVENSA, LLC; AND AMERADA HESS CORPORATION,

DEFENDANTS.

| IN RE: REFINERY HYDROCARBON RELEASE LITIGATION. | Master Case No. SX-2015-CV-00100 |
|---|---|
|  | Complex Litigation Division |
| IN RE: DISPUTE RESOLUTION PLAN – EMPLOYER RETALIATION LITIGATION. | Master Case No. SX-2019-MC-00053 |
|  | Complex Litigation Division |

Cite as 2023 VI Super 74

**Appearances**:

**LEE J. ROHN, ESQ.**
Lee J. Rohn and Associates, LLC
Christiansted, VI 00820
*For Plaintiffs* (all cases)

**RHEA LAWRENCE, ESQ.**
Lee J. Rohn and Associates, LLC
Christiansted, VI 00820
*For Plaintiffs* (in Case No. SX-2002-CV-00641, in Case No. SX-2009-CV-00299, and in Master Case No. SX-2015-CV-00100)

**MARY FAITH CARPENTER, ESQ.**
Lee J. Rohn and Associates, LLC
Christiansted, VI 00820
*For Plaintiffs* (in Case No. SX-2002-CV-00641, in Master Case No. SX-2015-CV-00100, and in Master Case No. SX-2019-MC-00053)

**CARL A. BECKSTEDT, III, ESQ.**
**EARNESTA L. TAYLOR, ESQ.**
Beckstedt & Kuczynski LLP
Christiansted, VI 00820
*For Hess Corporation, Hess Oil Virgin Islands Corporation n/k/a HONX, Inc., and HOVENSA, LLC* (all cases)

**ADAM G. CHRISTIAN, ESQ.**
**CHARLES E. ENGEMAN, ESQ.**
**MICHAEL G. MORRISON, II, ESQ.**
Ogletree, Deakins, Nash, Smoak & Stewart, LLC
St. Thomas, VI 00802
*For Wyatt VI, Inc.* (in Master Case No. SX-2015-CV-00100)

**CHARLES E. LOCKWOOD, ESQ.**
Dudley Newman Feuerzeig LLP
Christiansted, VI 00820
*For Virgin Islands Industrial Maintenance Corporation* (in Case No. SX-2002-CV-00598)
*For St. Croix Basic Services, Inc. and Basic Services, Inc.* (in Case No. SX-2009-CV-00299)
*For Turner St. Croix Maintenance, Inc.* (in Master Case No. SX-2015-CV-00100)

**GREGG R. KRONENBERGER, ESQ.**
Dudley Newman Feuerzeig LLP
Christiansted, VI 00820
*For Virgin Islands Industrial Maintenance Corporation* (in Case No. SX-2002-CV-00598 and in case
No. SX-2002-CV-00641)

**GEORGE H. LOGAN, ESQ.**
Dudley Newman Feuerzeig LLP
Christiansted, VI 00820
*For Virgin Islands Industrial Maintenance Corporation* (in Case No. SX-2002-CV-00598)
*For Pinnacle Services, LLC* (in Case No. SX-2002-CV-00641)
*For St. Croix Basic Services, Inc. and Basic Services, Inc.* (in Case No. SX-2009-CV-00299)
*For Turner St. Croix Maintenance, Inc.* (in Master Case No. SX-2015-CV-00100)

**ALEX M. MOSKOWITZ, ESQ.**
Dudley Newman Feuerzeig LLP
St. Thomas, VI 00802
*For Pinnacle Services, LLC* (in Case No. SX-2002-CV-00641)

**STEPHANIE L. ADLER, ESQ.**
**ALICIA M. CHIU, ESQ.**
Jackson Lewis, P.C.
Orlando, FL. 32801
*For Jacobs Industrial Maintenance Corporation* (in Case No. SX-2002-CV-00598)

<u>**MEMORANDUM OPINION and ORDER**</u>

**WILLOCKS,** *Administrative Judge*.

¶1      **THESE MATTERS** are before the Court *sua sponte* following a review. In response to notices

filed by HONX, Inc. (hereinafter "HONX") in hundreds of cases pending in the Complex Litigation

Division of the Superior Court of the Virgin Islands to which it was a *de facto* party,[1] this Court stayed all

---

[1] Hess Corporation merged its wholly owned subsidiary, Hess Oil Virgin Islands Corporation, with Hess Oil New York Corporation (hereinafter "HONYC") in 2020. *See McNamara v. Hess Corp.*, Civ. No. 2020-0060, 2022 U.S. Dist. LEXIS

proceedings against all parties pending further order of the Bankruptcy Court in any case against Hess Oil Virgin Islands Corporation (hereinafter "HOVIC"), now known as HONX, its parent company, Hess Corporation (hereinafter "Hess"), or HOVENSA, LLC (hereinafter "HOVENSA"). The Court directed the parties to file a joint report every 120 days on the status of bankruptcy proceedings until it concluded, relief from the automatic stay was granted, or the claims were resolved. To date, the HONX bankruptcy is still pending, and these cases remain stayed. This is now the second bankruptcy stay these cases have been under as HOVENSA also filed for bankruptcy in 2015. Litigation was stayed then, either by court order or because the cases went dormant.

¶2     Upon review, it has come to the Court's attention that imposing a stay on co-defendants of a debtor may have been in error, at least in some instances, and particularly those cases in which HOVIC was not named as a party. The Staff Master assigned to the Complex Litigation Division held a meeting with counsel in each of these matters to inquire as to the status of the HONX bankruptcy and informally reported to the Court, based on the discussions with counsel, that the May 31, 2022 Order may have been unnecessary and motions to life the stay may be forthcoming. *Cf. In re: Auth. for the Creation & App't of Staff Master for Complex Litig. Div. of the Super. Ct. of the V.I.*, Admin No. 2021-0012, 2021 WL 3562551, \*2 (V.I. Aug. 12, 2021) (authorizing staff master to "[m]ake formal *and informal* recommendations and reports to the judge regarding any matter pertinent to the proceedings[.]" (emphasis

---

223220, \*22 (D.V.I. Dec. 12, 2022) ("Hess created a new wholly owned subsidiary, HONYC, as a New York corporation on May 18, 2020. HONYC conducted no business other than merging with HOVIC on May 19, 2020 . . . ." (citation omitted)). Hess then created HONX on May 18, 2020, and either merged HONYC with HONX or had HONX acquire HONYC. Although no motions were filed in any case to substitute HONX in place of HOVIC, just as motions were not filed to substitute HONYC for HOVIC, HONX is the successor to HONYC, which was the successor to HOVIC. While HOVIC, HONYC, and HONX are corporations and, legally, distinct persons, HONX is the *de facto* successor defendant in place of HOVIC. *Cf. RHPC, Inc. v. Gardner*, 533 So. 2d 312, 314 (Fla. Dist. Ct. App. 1988) ("Corporations are legal entities and should sue and be sued in their corporate name. In pleadings, the corporate name must be strictly used. However, persons who are sued by the wrong name may nevertheless appear and defend the action, and if they fail to object to the misnomer by appropriate pleading or motion they may be bound by a judgment resulting from the litigation. In addition, although not nominal parties, persons may become *de facto* parties defendant if they have control of the defense in furtherance of their own interest and enjoy all the rights of actual parties." (citations omitted)).

added)). This Court elected to await further action by the parties. Yet, to date, no one has brought the error to the Court's attention by, for example, filing a motion to have the stay lifted, and the joint reports this Court required give no indication when the HONX bankruptcy might end. More importantly, solvent co-defendants are benefiting from a discretionary extension of the automatic stay, possibly in contravention of federal law. For the reasons explained below, the Court issues this Opinion and Order to set a deadline for the Plaintiffs to serve and file a motion in any case in which a discretionary stay was not warranted, and to show cause in the other cases why the Court should not lift its own stay so the Plaintiffs can proceed against the solvent Defendants.

## I.       FACTUAL AND PROCEDURAL BACKGROUND

¶3        Three categories of cases are involved here. The first category includes the *St. Rose*, *Cornwall*, and *Castillo* cases and are referred to as the *Refinery Plant Closure Cases*. The second category of cases are grouped under the *In re: Dispute Resolution Plan – Employer Retaliation Litigation* (hereinafter "*DRP-ERL*"). The first two categories of cases were brought by workers of the former oil refinery on St. Croix, when it was owned and operated by HOVENSA. The third category of cases is grouped under the *In re: Refinery Hydrocarbon Release Litigation* master case. The *Refinery Hydrocarbon Release* Plaintiffs assert claims for personal injury and property damage from discharges of hydrocarbons and other particulates over nearby residences from the oil refinery when it was owned by HOVENSA.

¶4        Regarding the first category, the *Refinery Plant Closure Cases*, the Plaintiffs in *St. Rose*, *Cornwall*, and *Castillo* all allege that they lost their jobs at the refinery for pretextual reasons and assert, among other claims, a claim under the Virgin Islands Plant Closing Act. They contend that, when their employers, contractors of HOVENSA, lost their contracts with HOVENSA, it constituted a plant closure under Virgin Islands law, entitling them to benefits. *Cf. Cornwall v. V.I. Indus. Maint. Corp.*, 71 V.I. 203, 209-10 (Super. Ct. 2019) (listing counts including claim under Virgin Islands Plant Closing Act); *Castillo v. St.*

*Croix Basic Servs., Inc.*, 72 V.I. 528, 541 (Super. Ct. 2020) (same); *see also Stanley v. St. Croix Basic Serv., Inc.*, 291 F. Supp. 2d 379 (D.V.I. 2003).[2] *St. Rose* and *Cornwall* were filed in 2002, in the then-Territorial Court of the Virgin Islands,[3] as putative class actions. Twenty-two years later, whether they continue as class actions still must be determined. *Castillo* was not filed in the Superior Court of the Virgin Islands until 2009. But litigation began in 2003, when a class action was filed in the District Court of the Virgin Islands. *See generally Stanley v. St. Croix Basic Servs.,* Civ. No. 2003-0055, 2008 U.S. Dist. LEXIS 90024, *1-2 (D.V.I. Oct. 31, 2008). The *Stanley* Plaintiffs ultimately decided not to move to certify a class, and the putative class members were denied leave to intervene. *See id.* at *3 (discussing efforts of former class members to intervene via motion to amend). *Castillo* was filed in the Superior Court not long thereafter. *See Castillo*, 72 V.I. at 541 ("Two-hundred and twenty-eight days after the District Court denied the *Stanley* Plaintiffs' certification motion . . . Juan Castillo and the seventy-six other individuals who were not permitted to intervene in *Stanley* filed a complaint in the Superior Court of the Virgin Islands on June 18, 2009.").

¶5      The *St. Rose* Plaintiffs claim they were wrongfully terminated and denied seniority and benefits when, following a merger between Virgin Islands Industrial Maintenance Corporation (hereinafter "VIIMC") and Jacobs Engineering, they accepted employment with Jacobs Industrial Maintenance Corporation (hereinafter "JIMC"), and then were terminated by JIMC without credit for their time with VIIMC. (*See* Am. Compl. ¶ 24, filed Jan. 1, 2003, *Julien St. Rose, et al. v. V.I. Indus. Maint. Corp., et al.*, Case No. SX-2002-CV-00598 ("All Plaintiffs were denied the promised benefits, wages, and their full severance pay for the entire time they were employed by IMC and JIMC and or other contractors and paid

---

[2] Other cases raising similar allegations were filed later and settled. *Cf. Baptiste v. St. Croix Basic Servs., Inc.*, No. SX-05-CV-042, 2007 V.I. LEXIS 38 (V.I. Super. Ct. Apr. 24, 2007) (denying motion to certify class in case with Plant Closing Act claim).

[3] The Virgin Islands Legislature renamed the Territorial Court as the Superior Court in 2004, when it established the Supreme Court of the Virgin Islands.

only for the time they worked for JIMC in violation of the law of the Virgin Islands.").) The *St. Rose* Plaintiffs named VIIMC, JIMC, HOVENSA, HOVIC, and Hess as defendants. This is the only case in which HOVIC is a named defendant. Except for JIMC, who was dismissed for failure to timely serve, the other Defendants remain parties to this case, including HOVENSA, HOVIC, and Hess. JIMC is also, technically, still a party, but only as to a pending motion to certify its dismissal for interlocutory appeal. Unlike in the other cases, HOVENSA did not file notice of its bankruptcy in 2015. However, the *St. Rose* Plaintiffs filed notice on October 25, 2018, that the stay had been lifted, and litigation resumed until HONX filed notice on May 26, 2022, of its bankruptcy. This Court stayed litigation against all Defendants on May 31, 2022, which includes HOVENSA, Hess, and JIMC. No one objected. To date, the *St. Rose* Plaintiffs have not filed a motion for class certification.

¶6      The *Cornwall* Plaintiffs contend that the pretext for their dismissal was, at least in part, to get them to sign contracts and agree to arbitrate as a condition of employment. *See Cornwall*, 71 V.I. at 207 ("IMC, HOVENSA, and Pinnacle allegedly conspired together to terminate the Plaintiffs from IMC and have Pinnacle re-hire them but on a contractual basis and subject to an arbitration clause . . . ."). *Accord Lloyd v. HOVENSA, LLC*, 369 F.3d 263, 266 (3d Cir. 2004) ("In January 2002, Wyatt began to hire between 300 and 400 people in the Virgin Islands. Also in January 2002, Wyatt began requiring all applicants to sign a Dispute Resolution Agreement as a condition of having their applications considered." (internal abbreviation omitted)). The *Cornwall* Plaintiffs named VIIMC, Pinnacle Services, LLC (hereinafter "Pinnacle'), and HOVENSA as defendants. HOVENSA filed notice of its bankruptcy proceeding on September 29, 2015, and the *Cornwall* Plaintiffs filed notice on October 25, 2018, that the stay had been lifted. Litigation resumed until stayed again by this Court on May 31, 2022, because of the HONX bankruptcy. No one objected. Unlike *St. Rose*, the *Cornwall* Plaintiffs did file a motion for class certification, but not until October 30, 2019. VIIMC, Pinnacle, and HOVENSA all remain parties to this

case, though certain claims were dismissed by the Court (Donohue, P.J.) in March 2006.

¶7      The *Castillo* Plaintiffs make similar claims like the *Cornwall* and *St. Rose* Plaintiffs. (*See* Compl. ¶ 100, filed June 16, 2009, *Castillo, et al. v. St. Croix Basic Servs., Inc.*, Case No. SX-2009-CV-00299 ("Within the last 2-3 years, the Hess Defendants decided that in order to get the workers to have to sign arbitration agreements waiving their rights to jury trials and to get rid of certain workers . . . they would no longer transfer the workers but would require them to apply for new positions and sign employment agreements."); *see also id.* ¶ 101 ("The decision meant that the workers no longer transferred their seniority or benefits and had to start anew with each new company.").). Unlike *St. Rose* and *Cornwall*, *Castillo* is not a class action. Instead, seventy-seven individuals joined together in the same complaint and named St. Croix Basic Services, Inc., Basic Industries, Inc. (collectively "Basic Defendants"), HOVENSA, and Hess as defendants. HOVENSA filed notice of its bankruptcy proceeding on September 17, 2015, and this Court granted a motion filed by the Basic Defendants to stay all proceedings against all Defendants until notice was filed that the bankruptcy had been resolved, which the *Castillo* Plaintiffs filed on October 25, 2018. Litigation resumed until this Court stayed it again on May 31, 2022, due to the HONX bankruptcy. Again, no one objected.

¶8      The second category of cases, the *DRP-ERL* cases, were brought by now-former workers at the refinery, specifically employees of HOVENSA. Forty-four cases were initially grouped under the *DRP-ERL* master case, of which only thirty remain pending. However, before a master case was opened, there were only two cases: one filed in 2005, the other in 2013. In 2005, forty-two refinery workers sued HOVENSA and Hess, "claim[ing] that, starting in 2003, Hess and HOVENSA required them to sign a dispute resolution agreement that mandated arbitration and waived their right to resolve any disputes through a jury trial." *Grant v. HOVENSA, LLC*, 70 V.I. 639, 641 (Super. Ct. 2019) (internal abbreviation omitted). "The *Grant* Plaintiffs were considered exempt . . . ." *Id.* at 641-42. "HOVENSA had agreed,

through an Annual Compensation Plan Bonus Program, to give [the *Grant* Plaintiffs] annual bonuses, but only if they 'diligently worked for the good of HOVENSA and towards safety, environmental and net overall profit goals.'" *Id.* at 642 (citation omitted). They refused to sign the agreement "and, consequently, HOVENSA denied them their bonuses." *Id.* Although initially forty-two employees filed suit, by July 28, 2008, "fifty-seven plaintiffs . . . [were] assert[ing] claims against Hess and HOVENSA for breach of contract, extortion, intentional infliction of emotional distress, negligent infliction of emotional distress, breach of the duty of good faith and fair dealing, and coercion." *Id.*[4] Discovery and motion practice proceeded until "HOVENSA filed for bankruptcy, which automatically stayed the . . . claims against HOVENSA, and effectively stayed their claims against Hess as well, as the case went dormant until January 14, 2019, when the *Grant* plaintiffs and HOVENSA filed a joint notice of dismissal . . . ." *Id.* at 643. The *Grant* Plaintiffs and HOVENSA agreed to an evaluation process in the bankruptcy case, which required that HOVENSA be dismissed as a defendant. *See id.* at 643-44. Hess is the only remaining Defendant in the *Grant* cases.

¶9     The second case, *Ince*, was filed "[o]n January 14, 2013, [by] thirteen employees . . . against HOVENSA and Hess." *Id.* at 645. The *Ince* Plaintiffs claimed retaliation, wrongful discharge, and breach of the duty of good faith and fair dealing, among other claims. Some also claimed discrimination on the basis of sex or race. *See generally id.* An amended complaint, which dropped one Plaintiff, *see id.* at 645 n.9, was filed before Hess and HOVENSA appeared, reducing the total number of Plaintiffs to twelve. In lieu of filing answers, Hess and HOVENSA jointly filed ten motions to dismiss for failure to state a claim for relief, one motion to dismiss based on a release a plaintiff had signed, and one motion to stay and

---

[4] Although motions to amend were the vehicles used, with six motions to amend filed between July 14, 2005 and July 29, 2008, see id. at 642 nn. 2-7, the relief sought was intervention as fifteen individuals intervened as plaintiffs in the case initially brought by the forty-two *Grant* Plaintiffs.

compel arbitration. Each motion was specific to a Plaintiff, and the motions challenging the sufficiency of the complaint argued that ten Plaintiffs were already seeking the same relief in the *Grant* case. *See id.* at 646-47. Before those motions could be ruled on, HOVENSA filed for bankruptcy, which stayed the claims against HOVENSA and again "effectively stayed the[] claims against Hess as well because *Ince* went dormant until October 25, 2018, when the plaintiffs filed a notice, stating that the District Court of the Virgin Islands, Bankruptcy Division, had agreed to lift the stay so their claims could proceed against HOVENSA." *Id.* at 646-47. "In exchange, the *Ince* [P]laintiffs agreed to limit their recovery to any amounts available under applicable insurance policies." *Id.* at 647. Unlike in the *Grant* cases, HOVENSA remains a co-defendant with Hess in the *Ince* cases.

¶10     *Grant* and *Ince* were designated complex in December 2018, and transferred to the Complex Litigation Division upon its creation. After reviewing both cases and giving the parties leave to address misjoinder, the Court (Molloy, J.) concluded that "the *Grant* and *Ince* plaintiffs have misjoined their claims and the remedy is consolidation followed by severance." *Id.* at 649. The claims of each Plaintiff who was a party to both cases were consolidated, and all Plaintiffs were dropped, their claims severed, and each Plaintiffs was ordered to file an individual complaint. *See id.* at 653. Grant and Ince, being the first-named plaintiff in each case, were allowed to retain the initial case files but had to file amended complaints that omitted their co-Plaintiffs. The Court opened the *DRP-ERL* master case, grouped the individual cases together for pre-trial coordination, and ordered Hess and HOVENSA to file answers, deferring a decision on the motions filed in *Ince* until trial. *Cf.* V.I. R. Civ. P. 12(a)(4)(A). The *DRP-ERL* cases continued with discovery and motion practice until this Court stayed litigation on May 31, 2022, due to the HONX bankruptcy. As before, no one objected.

¶11     The third category of cases are the *Refinery Hydrocarbon Release* cases. "Plaintiffs suffered injuries to their persons and properties after several discharges of hydrocarbons were released from the

oil refinery on St. Croix." *Arno v. Hess Corp.*, 71 V.I. 463, 472 (Super. Ct. 2019). One discharge occurred on September 19, 2010. *See id.*. A second discharge occurred on December 9, 2010. *See id.* "Further 'noxious, foul smelling and toxic emissions' were discharged from 'about May 9, 2011 continuously through mid June 2011.'" *Id.* at 472-73 (ellipses and citation omitted). Multiple lawsuits were filed as a result of these discharges, including *Arno*, *Sonny*, and *Rodriguez*. "The *Arno* Plaintiffs filed suit first, on August 13, 2012, naming HOVENSA, Hess . . .Wyatt V.I., Inc. ("Wyatt") and Turner St. Croix Maintenance, Inc. ("Turner") as defendants." *Id.* at 473. "Several days later, the *Sonny* Plaintiffs filed suit, naming only HOVENSA and Hess as defendants." *Id.* "A month later, on September 11, 2012, the *Rodriguez* Plaintiffs filed suit and, like the *Arno* Plaintiffs, named HOVENSA, Hess, Wyatt, and Turner as defendants." *Id.* "The *Arno* and *Rodriguez* Plaintiffs also named XYZ Company, a fictitious corporate defendant who has not yet been identified." *Id.* "'[A]ll of the Complaints share five counts in common: negligence, public and private nuisance, negligent or intentional infliction of emotional distress, and maintenance of an abnormally dangerous condition . . . .'" *Id.* (quoting *Rodriguez v. HOVENSA, L.L.C.*, Civ. No. 2012-100, 2014 U.S. Dist. LEXIS 43967, *2 (D.V.I. Mar. 31, 2014)).

¶12      "Turner removed *Rodriguez* to the District Court on October 9th. Hess followed, removing *Arno* on October 10, 2012, and *Sonny* on October 12, 2012." *Id.* at 474. The District Court eventually remanded all three cases. *See generally Rodriguez*, 2014 U.S. Dist. LEXIS 43967 at *21-22 ("[T]his Court finds no basis for federal jurisdiction, and removal of these cases to this Court was therefore improper. Accordingly, these matters will be remanded to the Superior Court of the Virgin Islands."). On remand, this Court, in its capacity as Administrative Judge, opened the *Refinery Hydrocarbon Release* master case

and reassigned *Arno*, *Rodriguez*, and *Sonny* to the Honorable Douglas A. Brady for further proceedings.[5] Before litigation could resume in earnest, HOVENSA filed a notice in the master case on September 23, 2015, that it had filed for bankruptcy. On November 17, 2015, the Court (Brady, J.) stayed all proceedings against all Defendants pending the conclusion of the HOVENSA bankruptcy. No one objected.

¶13    Approximately seventeen months later, when no further information had been received, the Court directed the parties to report on the status of the HOVENSA bankruptcy. HOVENSA responded on May 12, 2017, stating that the bankruptcy remained pending and, therefore, the automatic stay remained as well. Two months later, the Court issued a Memorandum Opinion and Order to Show Cause questioning why it "should not lift the stay imposed on this case, dismiss the individual cases grouped under this master case against HOVENSA without prejudice, and sever the claims against the other defendants who are not subject to a bankruptcy stay so that this litigation can continue." *In re: Refinery Hydrocarbon Release Litig.*, No. SX-15-CV-100, 2017 V.I. LEXIS 101, *1-2 (V.I. Super. Ct. July 10, 2017).[6] Plaintiffs responded and agreed the stay should be lifted so they could proceed against Hess, Turner, and Wyatt without HOVENSA. Jay Borow, as Liquidating Trustee of the HOVENSA Liquidating Trust, also responded, as a courtesy, and advised that it opposed dismissing HOVENSA without prejudice, preferring it to be with prejudice, and further advised that the claims against HOVENSA's co-Defendants should remain stayed. Hess responded, asserting that Plaintiffs' claims against it should be dismissed based on a release HOVENSA gave Hess "in exchange for substantial contributions to its bankruptcy estate." (Def. Hess Corp.'s Mem. in Resp. to Pls.' Order to Show Cause Mem. 1, filed Aug. 21, 2017, *In re: Refinery*

---

[5] Presiding Judge Michael C. Dunston later ratified this Court's reassignment orders following the decision of the Supreme Court of the Virgin Islands in *Vanterpool v. Government of the Virgin Islands*, 63 V.I. 563 (2015), which held that only the presiding judge has the authority to reassign cases among the judges.

[6] At the time when the Court (Brady, J.) issued its Opinion, three additional cases were grouped under the master case. *See In re: Refinery Hydrocarbon Release Litig.*, 2017 V.I. LEXIS 101 at *2-3 (discussing *Almestica*, *Cruz*, and *Lucas*). All three cases were later dismissed voluntarily.

*Hydrocarbon Release Litig.*, Master Case No. SX-2015-CV-00100). "Alternatively, Plaintiffs' claims against Hess in the *Arno*, *Rodriguez* and *Sony* cases are so intertwined with HOVENSA's bankruptcy that they give rise to . . .'related to' jurisdiction . . . [and] should not be severed . . . ." *Id.* at 2. Wyatt did not respond, but Turner did, and like Hess, agreed that "HOVENSA's potential liability . . . is inextricably linked with the potential liability of TSCM and Wyatt both legally and practically. Either of these linkages will affect the HOVENSA bankruptcy estate. Therefore, the bankruptcy court retains jurisdiction over *Arno* and *Rodriguez* cases, and the stay should not be lifted." (Def. Turner St. Croix Maint., Inc.'s Reply to Pls.' Resp. to Ct.'s July 10, 2017 Order 4, filed Aug. 31, 2017, *In re: Refinery Hydrocarbon Release Litig.*, Master Case No. SX-2015-CV-00100.)

¶14 The Court (Brady, J.) did not act on the responses to the Opinion and Show Cause Order prior to the cases being designated complex and transferred to the Complex Litigation Division in August 2018. On January 14, 2019, Trustee Borow and the *Arno*, *Rodriguez*, and *Sonny* Plaintiffs filed a joint notice of dismissal with prejudice as to HOVENSA. The *Refinery Hydrocarbon Release* Plaintiffs also asked that the captions be amended to remove HOVENSA. The Court (Molloy, J.) granted those requests the next day, and issued a separate order in the master case, directing Plaintiffs, Hess, Wyatt, and Turner to show cause why Plaintiffs' claims should not be severed and everyone except *Arno*, *Sonny*, and *Rodriguez* dropped and ordered to file individual complaints. In addition to questioning joinder, the Court also observed that, with HOVENSA dismissed, "Wyatt, Turner, and Hess remain parties to *Arno* and *Rodriguez*, and Hess a party to *Sonny*, but without HOVENSA, a party they claimed was indispensable and without whom they would face inconsistent or double obligations." (Order 3, entered Jan. 15, 2019, *In re: Refinery Hydrocarbon Release Litig.*, Master Case No. SX-2015-CV-00100.) Hess and Turner responded in support of severance. Plaintiffs and Wyatt did not respond. The Court (Molloy, J.) later served the claims and dropped all Plaintiffs except Arno, Sonny, and Rodriguez. One hundred and sixty-

two individual cases were filed and added to the *Refinery Hydrocarbon Litigation* master case. Litigation resumed following the dismissal of HOVENSA against Hess, Wyatt, and Turner as the remaining Defendants in the *Arno* and *Rodriguez* cases, and against Hess as the only remaining Defendant in the *Sonny* cases. In May 2022, this Court issued a stay of proceeding in light of the HONX bankruptcy. As before, no one objected.

## II.    DISCUSSION

¶15     The Court begins its discussion with general principles that point toward specific conclusions. First, "all Virgin Islands attorneys possess an obligation to monitor the docket in a pending case." *Archibald v. People*, 67 V.I. 851, 858 (2017). This obligation does not rest only with attorneys representing plaintiffs. Plaintiffs, themselves, have a duty to ensure that their cases are moving forward. *Cf. V.I. Taxi Ass'n v. V.I. Port Auth.*, 67 V.I. 643, 692 (2017). By contrast, "a defendant possesses no affirmative duty to take any steps to bring a case to trial . . . ." *Watts v. Two Plus Two, Inc.*, 54 V.I. 286, 292 (2010). Instead, "the plaintiff has the burden to proceed with the action. The defendant need only meet the plaintiff step by step." *Lamar Advert. of S.D., Inc. v. Heavy Constructors, Inc.*, 790 N.W.2d 45, 50 (S.D. 2010) (citation omitted); *see also Smolker v. W.R. Grace & Co.*, Nos. B281406, *et seq.*, 2020 WL 358552, *3 n.8 (Cal. Ct. App. Jan. 22, 2020) (same); *accord Watts*, 54 V.I. at 292 (recognizing "duty to prosecute rests with the plaintiff, not the defendant").

¶16     Each case addressed in this Opinion has been pending, at a minimum, for over ten years, with the oldest cases pending for more than twenty-two years. A significant portion of the delay in some of the cases is attributable to bankruptcy stays and periods of inactivity after suggestions of bankruptcy were filed. Each case was stayed for approximately three years due to HOVENSA's bankruptcy, and now another year and a half because of HONX's bankruptcy. Plaintiffs have a duty to prosecute their cases and that duty includes objecting to a stay that may have been imposed in error. *Cf. Edwards v. Ghandour*, 159

P.3d 1086, 1091 (Nev. 2007), *abrogated on other grounds by Five Star Cap. Corp. v. Ruby*, 194 P.3d 709 (Nev. 2008) (plaintiff could not avoid dismissal under court rule by relying on court order) ("We conclude, however, that the district court's stay order, which was mistakenly entered after the bankruptcy stay was lifted, and which was ultimately rescinded, did not toll the NRCP 41(e) period. Edwards, who was required under NRCP 41(e) to diligently prosecute his case, knew that the bankruptcy stay had been lifted at the time that the district court entered its stay, yet he did not move for a trial setting or to set aside the district court's stay order. Since the district court's stay was based on misinformation, and Edwards did not take appropriate action to move his case forward and set aside the stay, which was ultimately rescinded, the five-year period was not tolled by the district court's stay.").

¶17    Second, even though the plaintiff is the only party who has a burden to move a case forward, judges and attorneys alike have a duty to avoid errors. "An attorney is an officer of the court. As such, he owes it a duty of frankness and honesty. His primary duty, of course, is to his client." *State v. White*, 617 P.2d 998, 1001 (Wash. 1980), *overruled in part on other grounds by State v. Walker*, 513 P.3d 111, 116 (Wash. 2022). However, when "a trial court makes an error, it is the parties' responsibility to ask the court to correct the mistake. A trial judge cannot correct errors of which he is unaware." *People v. Johnston*, 421 N.E.2d 412, 413-14 (Ill. Ct. App. 1981). *See also In re: Seelig*, 850 A.2d 477, 489 (N.J. 2004) ("[Rules of Professional Responsibility] compel a lawyer to act affirmatively against his or her client's interests even when the primary responsibility for informing the court does not (or may not) lie with the lawyer. At their core, the rules impose a duty to disclose in order to prevent errors in decision making by a tribunal that is unaware of adverse legal authority or that has been misled because it lacks information about material facts."). "Even 'well-intended judges err'. . . ." *In re: Kelvin Manbodh Asbestos Litig. Series*, 69 V.I. 394, 444 (Super. Ct. 2018) (quoting *Antoine v. Hess Oil V.I. Corp.*, SX-05-CV-508, 2017 V.I. LEXIS 44, *13 (V.I. Super. Ct. Mar. 10, 2017)). More importantly, however, judges have "not only the right but the

duty . . . to refuse to intentionally commit error." *Henry v. Dennery*, S. Ct. Civ. No. 2012-0130, 2013 V.I. Supreme LEXIS 4, *6 (V.I. Jan. 11, 2013) (*per curiam*) (quoting *Fontaine v. People*, 56 V.I. 571, 590 n.12 (2012)); *accord Commonwealth v. Olmande*, 995 N.E.2d 797, 807 (Mass. Ct. App. 2013) ("The trial judge has both the authority and the responsibility to take appropriate steps to prevent error and the danger of an injustice before it occurs, even in the absence of an objection.").

¶18     If the stays imposed in these cases because of the bankruptcies of HOVENSA and HONX were in error, at least with respect to the solvent co-Defendants of HOVENSA or HONX, it was incumbent on all parties, but especially the Plaintiffs, to bring the error to the Court's attention. *Cf. People v. Roberts*, 70 V.I. 125, 141 (Super. Ct. 2019) ("Arguments and errors generally must be raised to the trial court in the first instance so as to allow the trial court the opportunity to correct its own errors."), *aff'd, vacated in part on other grounds, and remanded by* 76 V.I. 555 (2022). That said, "a defendant cannot complain on appeal of alleged errors invited or induced by himself, for if there was any error at all, it was invited error and cannot now be a basis for reversal." *Latalladi v. People*, 51 V.I. 137, 143-44 (2009) (*per curiam*) (internal quotation marks and citations omitted). Some courts have held, for example, that a plaintiff's delay in filing a motion for class certification may warrant denying the motion. *Cf. Adise v. Mather*, 56 F.R.D. 492, 495 (D. Colo. 1972) ("Delay in bringing the class action question before the Court delays the pre-trial proceedings and the ultimate disposition of the litigation. Such has been the result in the instant case. We cannot and should not condone the delay. The motion was not timely filed and for this reason should be denied." (paragraph break omitted)). *See also Home Sav. & Loan Ass'n v. Super. Ct. of L.A. Cnty*, 117 Cal. Rptr. 485, 487 (Ct. App. 1974) ("Prompt and early determination of the class is essential because until the composition of the class has been determined defendants cannot tell what the action involves, and until members of the class receive notice of the action they will not be bound by any judgment in the action. Once the composition of the class has been determined, its members are entitled to appropriate notice of

the pendency of a class action that will affect their interests. Notice is particularly requisite when those purporting to represent the class seek payment of substantial compensation from all members of the class in the event of success. After the members of the class have been properly notified of the action, they are required to decide whether to remain members of the class represented by plaintiffs' counsel and become bound by a favorable or unfavorable judgment in the action, whether to intervene in the action through counsel of their own choosing, or whether to 'opt out' of the action and pursue their own independent remedies, such as negotiation with defendants, initiation of their own action, or intervention in some other action.").

¶19     Third, since the "[r]esponsibility for detecting and correcting error is shared by the court and counsel[,]" *Riddle v. McLouth Steel Prods. Corp.*, 485 N.W.2d 676, 689 (Mich. 1992) (Levin, J., dissenting), it follows that attorneys may not rest on the fact that they were following orders. *Cf. Mitchell v. Fiat-Allis, Inc.*, 632 N.E.2d 1010, 1013 (Ill. 1994) ("Attorneys are not excused from following the filing requirements of Rule 303 merely because a judge has recommended a procedural route that lies beyond the judge's authority to travel."). The trial court also must guard against "being 'whip-sawed' by assertions of error no matter which way it rules." *Najawicz v. People*, 58 V.I. 315, 337 (2013) (quoting *United States v. Elliot*, 463 F.3d 858, 867 (9th Cir. 2006)). Hess and Turner argued in the *Refinery Hydrocarbon Litigation* cases, for example, that the Plaintiffs should not be permitted to proceed without HOVENSA because HOVENSA was an indispensable party and Hess, Turner, and Wyatt would be subject to double or inconsistent liability without HOVENSA. Yet, Hess, Turner, and Wyatt allowed HOVENSA to be dismissed without objection, and did not move to dismiss after HOVENSA was dismissed because an allegedly indispensable party was no longer in the cases. Again, if extending the automatic stay to solvent co-Defendants was in error, it was incumbent on all parties to bring that matter to the Court's attention and not to attempt to whipsaw the Court into ruling in their favor and then claiming error later.

¶20    Fourth, "once a bankruptcy petition is filed, it operates [as] an automatic stay on the commencement or continuation of an action to recover a claim against the debtor . . . [and] remains in effect until proceedings end or until relief from the stay is granted on motion." *In re: Cases Under Bankr. Stay*, 74 V.I. 330, 343 (Super. Ct. 2021) (quotation marks, citation, and ellipsis omitted). "As its name suggests, an automatic stay is 'automatic,' requiring no affirmative act by the debtor other than the filing of a petition." *In re: Heating Oil Partners*, No. 3:08-CV-1976 (CSH), 2009 U.S. Dist. LEXIS 117871, *29 (D. Conn. Dec. 17, 2009). "Although it is best practice, there is no requirement . . . [to] file a formal suggestion of bankruptcy . . . in order for the automatic stay to take effect." *Tompkins Builders, Inc. v. ABBA Bonding, Inc.*, Civ. No. 07-45 (EGS), 2009 U.S. Dist. LEXIS 150918, *5 n.3 (D.D.C. July 17, 2009) (citing *Anderson v. Harvey*, 143 B.R. 1, 2 (Bankr. D.D.C. 1992)); *see also Anderson*, 143 B.R. at 2 ("Technically, no suggestion of bankruptcy was necessary for the automatic stay of 11 U.S.C. § 362(a) to be effective."). While some state courts have promulgated rules that "require that counsel serve and file a notice when bankruptcy proceedings commence, as well as periodic status reports thereafter, punishing failure to comply with sanctions[,]" *In re: Cases Under Bankr. Stay*, 74 V.I. at 340, the Virgin Islands is not among them yet.

¶21    The Court is clear-eyed here that litigation against HOVIC is stayed. But HOVIC is only a Defendant in one of these cases, *St. Rose*, and neither Hess nor HOVIC were named as defendants in *Cornwall*. Since neither Hess nor HOVIC are parties to *Cornwall*, and since the HOVENSA bankruptcy stay was lifted to allow *Cornwall* to proceed, the Court questions why litigation in *Cornwall* must remain stayed, even though no one has brought this to the Court's attention. *But see In re: Carpenter*, No. 10-00572, 2010 Bankr. LEXIS 2083, at *5-6 (Bankr. D.D.C. June 29, 2010) ("The applicability of the automatic stay presents a question of law that the creditor and debtor, *not the state court judge*, are the logical entities to take procedural steps to address *in the first instance*." (emphasis added)). Additionally,

since Hess is the only remaining Defendant in the *Sonny* cases, and in the *Grant* cases, except for those Plaintiffs with claims in *Grant* and in *Ince* who consolidated them into one lawsuit, it is also unclear why some (if not all) of the *DRP-ERL* cases should remain stayed against Hess.

¶22     Concerning the other *Refinery Hydrocarbon Release* cases, the Court takes judicial notice that HOVENSA was "a joint venture formed in 1999 between . . . HOVIC . . . and Petróleos de Venezuela, S.A. Virgin Islands," *Grant*, 70 V.I. at 641, and that HOVENSA was dissolved in 2022, and, technically, no longer exists. However, because of an order "the Bankruptcy Court issued . . . declaring that the automatic stay provision could be violated by '*any attempt* to proceed against any entity that may have liability arising out of the domination and control of the Debtor [HONX,]'" (Order 1, entered May 31, 2022, *In re: Disp. Resolution Plan-Empl. Retaliation Litig.*, Master Case No. SX-2019-MC-00053 (citation omitted)), this Court issued its own orders staying litigation in all cases, including the *Arno* and *Rodriguez* cases, as Hess is certainly alleged in most of the cases to have controlled HONX and, by extension, HOVENSA. Thus, the HONX bankruptcy may have played a role if HOVENSA still existed, since HOVIC was one of the two members of the joint venture. Allegedly HOVIC controlled HOVENSA and Hess controlled HOVIC. But HOVENSA was dismissed from the *Refinery Hydrocarbon Release* cases as well as Grant. Whether the HONX bankruptcy does stay these cases is unclear, particularly since all of the cases have nothing to do with asbestos, and "HONX filed [its] chapter 11 petition 'to address and fairly resolve its alleged asbestos liabilities in an effective, efficient, and equitable forum pursuant to section 524(g) of the Bankruptcy Code.'" *In re: HONX, Inc.*, No. 22-90035, 2022 Bankr. LEXIS 3651, *2 (Bankr. S.D. Tex. Dec. 28, 2022) (citation omitted). Again, none of these cases involve asbestos.

¶23     Fifth, every federal appellate and state and territorial supreme court that has addressed the issue has held that the automatic stay imposed by Section 362(a) of Title 11 of the United States Code does not extend to co-defendants. *See Austin v. Unarco Indus., Inc.*, 705 F.2d 1, 4 (1st Cir. 1983); *Teachers Ins. &*

*Annuity Asso v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986); *Mar. Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1205 (3d Cir. 1991); *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 126 (4th Cir. 1983); *Arnold v. Garlock, Inc.*, 278 F.3d 426, 436 (5th Cir. 2001) (quoting *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir. 1983)); *Lynch v. Johns-Manville Sales Corp.*, 710 F.2d 1194, 1196 (6th Cir. 1983); *Pitts v. Unarco Indus.*, 698 F.2d 313, 314 (7th Cir. 1983); *Croyden Assocs. v. Alleco, Inc.*, 969 F.2d 675, 677 (8th Cir. 1992); *Ingersoll-Rand Fin. Corp. v. Miller Mining Co.*, 817 F.2d 1424, 1427 (9th Cir. 1987); *Fortier v. Dona Anna Plaza Partners*, 747 F.2d 1324, 1330 (10th Cir. 1984); *Seiko Epson Corp. v. Nu-Kote Int'l, Inc.*, 190 F.3d 1360, 1364 (Fed. Cir. 1999). *Accord Bradberry v. Carrier Corp.*, 86 So. 3d 973, 981 (Ala. 2011); *Dwiggins v. Elk Horn Bank & Tr. Co.*, 219 S.W.3d 181, 186 (Ark. 2005); *Chang v. Buffington*, 256 P.3d 694, 700 (Haw. 2011); *Wyssbrod v. Wittjen*, 798 So. 2d 352, 359 (Miss. 2001) (*en banc*); *Superpumper, Inc. v. Nerland Oil, Inc.*, 620 N.W.2d 159, 162 (N.D. 2000). *Cf. Peerless Oil & Chem., Inc. v. Hermanos Torres Pérez, Inc.*, 186 P.R. Dec. 239, 258-59 (2012). *See also See also* 3 Collier on Bankruptcy ¶ 362.03 (16th ed. 2023) ("The stay of litigation does not protect nondebtor parties who may be subjected to litigation for transactions or events involving the debtor." (footnote omitted)). In fact, the Supreme Court of the Virgin Islands has even acknowledged generally that "'stays pursuant to § 362(a) are limited to debtors' and actions against non-bankrupt co-defendants may proceed[.]" *Cianci v. Chaput*, 64 V.I. 682, 692 (2016) (quoting *Am. Prairie Const. Co. v. Hoich*, 560 F.3d 780, 789 (8th Cir. 2009)).

¶24      Even assuming, *arguendo*, that the claims against Hess (and perhaps HOVENSA) may have to remain stayed, it is not clear why the claims against Turner and Wyatt in the *Arno* and *Rodriguez* cases, against Pinnacle in *Cornwall*, against JIMC and VIIMC in *St. Rose*, or the Basic Defendants in *Castillo* must also remain stayed and "'languish on the court's docket until final disposition of the bankruptcy proceeding.'" *Caribbean Auto Mart of St. Croix v. Molloy*, 73 V.I. 329, 332 (Super. Ct. 2020) (citation omitted). The Court presumes, for purposes of this Opinion only, that the solvent co-Defendants that are

not part of the Hess "family" will argue—as Turner did in response to the Opinion and Order to Show Cause in *Refinery Hydrocarbon Release Litigation*—that Hess is an indispensable party. Putting aside the whipsaw concerns the Court voiced earlier, with this issue having been asserted and then effectively abandoned after a debtor was dismissed, the Court notes that, while it may be unanswered under Virgin Islands law, courts in other jurisdictions have held that the risk that solvent co-defendants may be held jointly and severally liability without the debtor does not entitle them to the protections of the automatic stay. *See, e.g.*, *Wedgeworth*, 706 F.2d at 546 ("The intense desire of the co-defendants to suspend all litigation until Johns-Manville and Unarco are again at their sides is understandable but is not sufficient justification for all-encompassing stays. Because the reorganizing defendants, as joint tortfeasors, are not indispensable parties under federal law, or Louisiana law, their absence from litigation may be unfortunate to most or even all parties -- but is not fatal to the actions." (citations omitted)). As the Supreme Court of Appeals of West Virginia explained:

> "In the usual case, litigation against solvent co-debtors and joint tortfeasors may proceed without the participation of the bankrupt debtor. This rule applies under either the automatic stay provisions of the Bankruptcy Code, 11 U.S.C. § 362, or the inherent discretionary power of a court to manage its docket. There are circumstances, however, in which a stay of pending proceedings as to co-defendants of a bankrupt debtor is appropriate. In cases involving defendants whose liability was contingent on the liability of a debtor in bankruptcy, or in cases involving a defendant indemnified by a debtor, courts have stayed proceedings against those nonbankrupt defendants on the grounds that continuing in the absence of the debtor would subject the defendants to potentially inconsistent judgments or would effectively extinguish the debtor's indemnification obligation. *Jordache Enters., Inc. v. Nat'l Union Fire Ins. Co.*, 513 S.E.2d 692, 709 (W. Va. 1998) (paragraph break omitted) (quoting *Terry v. Chauffeurs, Teamsters & Helpers, Local 391*, 81 B.R. 394, 395 (M.D.N.C. 1987)).

Whether any of these cases raise "unusual circumstance[s]" can only be determined "'after balancing the competing interests and after a 'clear case of hardship or inequity has been shown.'" *Terry*, 81 B.R. at 396 (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)) (citing *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999, 1003 (4th Cir. 1986); *accord In re: Carpenter*, 2010 Bankr. LEXIS 2083 at *6 ("There are

exceptions to the automatic stay (contained in 11 U.S.C. § 362(b)), and as a disinterested adjudicator, a state court judge ought not take a debtor's assertion that the automatic stay applies as authoritative without the debtor having given notice to the opposing party allowing that opposing party an opportunity to show that the automatic stay does not apply.").

¶25    Lastly, "the scope or applicability of the automatic stay under the Bankruptcy Code, 11 U.S.C. § 362, . . . is a question of law." *In re: Palmdale Hills Prop., LLC*, 654 F.3d 868, 875 (9th Cir. 2011); *see also NLRB v. P\*I\*E Nationwide, Inc.*, 923 F.2d 506, 512 (7th Cir. 1991) ("The applicability of the automatic stay provision is a question of law within the competence of the judiciary." (citing *NLRB v. Edward Cooper Painting, Inc.*, 804 F.2d 934, 938-39 (6th Cir. 1986); *In re: Baldwin-United Corp. Litig.*, 765 F.2d 343, 347 (2d Cir. 1985)); *Picard v. Fairfield Greenwich Ltd.*, 762 F.3d 199, 206 (2d Cir. 2014) ("The scope of the automatic stay is a question of law subject to *de novo* review."); *In re: Carpenter*, 2010 Bankr. LEXIS 2083 at \*5-6 ("The applicability of the automatic stay presents a question of law . . . ."). *Accord P & S & Co. LLC v. SJ MAK, LLC*, 254 So. 3d 535, 538 (Fla. Dist. Ct. App. 2018) (same). "[T]here appears to be some split of authority among Federal courts over whether any court, other than the Bankruptcy Court in which the bankruptcy proceeding is, or was, pending, has jurisdiction to determine whether action taken or proposed to be taken in a case pending in another court is subject to the automatic stay of § 362." *Klass v. Klass*, 831 A.2d 1067, 1071 (Md. 2003). However, "[t]he clearly predominant rule is that jurisdiction is concurrent, and that the court in which the non-bankruptcy case is pending may determine the effect of the stay on that case." *Id.* (collecting federal cases). The Court of Appeals of Maryland concluded in *Klass* that its courts have "and, indeed, must have, jurisdiction to determine, at least in the first instance, whether and how a matter properly pending before it is affected by a § 362 stay." *Id.*; *accord Hill v. Springfield Hosp. & Emergency Servs. of New Eng.*, 297 A.3d 504, 510 (Vt. 2023). As *Klass* explained, a state (or territorial) court "may not grant relief from the stay—that is a matter committed

exclusively to the Bankruptcy Court—but it may, when presented with the issue, determine whether, factually or legally, a stay is in effect and whether a particular action it is about to take or has already taken is subject to such a stay." *Klass*, 831 A.2d at 1071. This Court agrees.

¶26     The Superior Court of the Virgin Islands has, and indeed must have, the authority to determine whether the automatic stay applies to any non-bankrupt co-defendants. Here, the Court can decide for itself whether the Plaintiffs' claims against Hess, HOVENSA, Wyatt, Turner, Pinnacle, VIIMC, JIMC, or the Basic Defendants should remain stayed or can proceed. But first, "the Court must give the parties an opportunity to be heard before ruling on concerns raised *sua sponte* . . . ." *In re: Refinery Hydrocarbon Release Litig.*, 2017 V.I. LEXIS 101 at *12 (citing *Hughley v. Gov't of the V.I.*, 61 V.I. 323, 334 n.6 (2014)). Many of the broad principles addressed may be settled nationally, but they are not settled locally. They do, however, all point in the direction that discretionary stays may be in error here, particularly as HOVIC is only a party to one of these cases.

¶27     The Court does acknowledge that there is little clarity on this question locally. Furthermore, and to be candid, the Court also acknowledges that the custom locally has been, in effect, to allow cases to "'languish on the court's docket until final disposition of the bankruptcy proceeding.'" *Molloy*, 73 V.I. at 332 (citation omitted); *see also id.* at 332-33 ("The concern for the Court at this juncture is that a now eight-year old case will remain pending on the docket but stayed without an end in sight."). "Considering the number of cases pending in the Superior Court, and given the number of judicial officers, five Superior Court judges and two Superior Court magistrate judges in each district," *Edwards v. Hess Oil V.I. Corp.*, 69 V.I. 136, 142 n.4 (Super. Ct. 2017) (citations omitted), it is not surprising that judges and attorneys may prefer to avoid parsing which claims can proceed without violating the automatic stay, and which claims must remain stayed. *See In re: Parker*, 68 F.3d 1131, 1137 (9th Cir. 1995) ("Within a single case, some actions may be stayed, others not. Multiple claim and multiple party litigation must be disaggregated

so that particular claims, counterclaims, cross claims and third-party claims are treated independently when determining which of their respective proceedings are subject to the bankruptcy stay." (quoting *Mar. Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1204-05 (3d Cir. 1991)).

¶28    However, courts must avoid committing errors and have a duty to correct errors brought to their attention or uncovered *sua sponte*. Courts do have the discretion to impose a stay, of course. "A 'stay' is the temporary postponement of all or part of a judgment or judicial proceeding by court order. *Chicoine v. Wellmark, Inc.*, 894 N.W.2d 454, 460 (Iowa 2017) (quoting *Black's Law Dictionary* (10th ed. 2014) (footnote omitted). "The power to grant a stay 'is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Id.* (quoting *Landis*, 299 U.S. at 254) (other citation omitted). Yet, "the court's broad discretion in this area . . . not unbounded. Proper use of this authority 'calls for the exercise of judgment, which must weigh competing interests and maintains an even balance.'" *Wedgeworth*, 706 F.2d at 544-45 (quoting *Landis*, 299 U.S. at 254-55). A temporary stay while plaintiffs seek relief from the bankruptcy court could be appropriate. *Cf. Lynch*, 710 F.2d at 1199 (quoting *In re Related Asbestos Cases*, 23 B.R. 523, 532 (N.D. Cal. 1982)). But a temporary stay also "could, indeed, become one of nearly 'indefinite,' or, at least, unpredictable duration." *Id.*  (quoting *In re Related Asbestos Cases*, 23 B.R. at 532). This Court also questions whether a plaintiff "should . . .be . . . denied a forum in which to pursue their claims against those defendants who remain unshielded by the bankruptcy laws.'" *Id.*  (quoting *In re Related Asbestos Cases*, 23 B.R. at 532).

¶29    "Chapter 11, unlike Chapter 13, contains no provision to protect non-debtors who are jointly liable on a debt with the debtor." *Butler*, 803 F.2d at 65. Further, assuming that joint tortfeasors are not necessary parties, staying proceedings here may have been in error. *Cf. Morris v. Rowallan Alaska, Inc.*, 121 P.3d 159, 163 (Alaska 2005) ("[A] joint tortfeasor is 'independently liable' and lacks an identity of interest

with its co-defendant. The joint tortfeasor is therefore not protected by the bankruptcy filing of a co-defendant." (footnote omitted)); *accord Hamel v. Am. Cont'l Corp.*, 713 P.2d 1152, 1154 (Wyo. 1986) ("The automatic stay does not operate to prohibit action against a co-debtor nor affect the liability of a co-debtor not in bankruptcy. Something more than filing a bankruptcy petition must be shown in order that proceedings be stayed against nonbankrupt parties."). This may be especially so since none of the Defendants crossclaimed against each other.

## III.    CONCLUSION

¶30    In response to the suggestions of bankruptcy HONX filed, and to the order the Bankruptcy Court presiding over HONX's bankruptcy case issued, this Court, in its discretion, issued a stay in all cases involving Hess, HOVENSA, or HOVIC out of concern that "the automatic stay provision could be violated by '*any attempt* to proceed *against any entity* that may have liability arising out of the domination and control of the Debtor [HONX].'" (Order 1-2, entered May 31, 2022, *Diane Cornwall, et al. v. V.I. Indus. Maint. Corp., et al.*, SX-2002-CV-00641 (quoting (Order 1 (Apr. 28, 2022), ECF No. 6, *In re: HONX, Inc.*, Case No 4-22-bk-90035 (Bankr. S.D. Tex.)) (emphasis added).) The Court ordered the parties to submit periodic status reports regarding the process of the bankruptcy case. Those reports provide nothing of substance. In fact, the Court takes judicial notice that the same content is filed in every case. Only the caption and the signing parties differ.

¶31    Having reviewed these cases, and considering the age of many of them, and having reviewed the law, the Court issues this Opinion to put the parties on notice of the Court's concerns with what may have been a discretionary stay imposed on non-bankrupt co-Defendants in error, and to direct the parties to respond. The result, after hearing from the parties, may be that the cases remain stayed. If they do, there will at least be a record for another court to review. However, given the amount of time that has passed, and the likelihood that the HONX bankruptcy may continue for many years to come, this Court believes

it is appropriate to raise this issue *sua sponte*.

¶32    Plaintiffs have a duty to prosecute their cases. Judges and attorneys have a duty to avoid errors. If a court errs, it is incumbent on all parties, but especially the plaintiff, to bring the error to the court's attention if the error means the plaintiffs may be deprived of their day in court. Twenty-two years have passed since *Cornwall* and *St. Rose* were filed, and nearly the same amount of time has passed since the *Stanley* / *Castillo* litigation commenced. Memories will have faded, and evidence may be lost, before these cases are brought to trial. The same can be said of the *Grant* and *Ince* cases, and possibly the *Refinery Hydrocarbon Release* cases. Furthermore, plaintiffs who acquiesce in the mistaken delay of their cases may not be able to complain later. *Cf. Zimmerman v. Worley*, 2009-Ohio-3819, ¶ 16 (Ct. App.) ("Despite the trial court's own findings, it does not appear that the trial court was ever required by federal law to stay proceedings, nor has Worley demonstrated that the trial court was without authority to lift its own stay of the proceedings."). To address these concerns, the Court will order the Plaintiffs to file a motion in any case in which they believe a stay should not have been imposed and, in the other cases, to show cause why the stay should not be lifted so litigation may resume, and if so, as to which Defendants.

Accordingly, it is hereby **ORDERED** that **within twenty-one (21) days** from the date of entry of this Opinion and Order, the Plaintiffs, used generally to refer to the Plaintiffs in each of the matters listed above, **SHALL** either **SERVE** and **FILE** a **MOTION** to lift the stay in any case in which the Plaintiffs believe the May 31, 2022 Orders were in error, or **SERVE** and **FILE** a **RESPONSE** in any case in which the stay may not have been in error and **SHOW CAUSE** *in writing* why the Court should not lift the stay and allow litigation to resume, and against which Defendant(s), if more than one. It is further

**ORDERED** that the Defendants, used generally to refer to all Defendants in the matters listed above, **SHALL SERVE** and **FILE** a **RESPONSE** to any motions the Plaintiffs file, or a **REPLY** to any **SHOW CAUSE RESPONSE** the Plaintiffs file. It is further

**ORDERED** that the Plaintiffs **MAY SERVE** and **FILE** a **REPLY** in support of any motions they file, but **MAY NOT**, *without leave of court obtained in advance on motion*, file a **FURTHER REPLY** to any replies filed by the Defendants to the Plaintiffs' show cause responses. It is further

**ORDERED** that the Plaintiffs **MAY**, if they agree, **JOINTLY FILE** one motion or one response simultaneously in each case addressed by this Opinion and Order in accordance with Standing Order No. 4, which encourages parties to join their arguments together and file fewer documents, *provided, however,* that any Plaintiffs who join together will be held to the arguments they make. Defendants are likewise encouraged to meet and confer and, if possible, jointly file their responses or replies for the same reasons. The Court does acknowledge, however, that each Defendant's position may differ. It is further

**ORDERED** that the time to serve and file all replies to show cause responses and responses to motions, and the time to serve and file replies in support of motions, remains twenty-eight (28) days as provided by Standing Order No. 4.

**DONE and so ORDERED** this 22nd day of November, 2023.

_____
HAROLD W.L. WILLOCKS
Administrative Judge of the Superior Court

**ATTEST**:
Tamara Charles
Clerk of the Court

By: _____
Court Clerk
Dated: ___11/22/2023___

IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
December 06, 2023 09:01 AM
SX-2002-CV-00598
**TAMARA CHARLES**
**CLERK OF THE COURT**

**SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| IN RE: CERTAIN CASES UNDER A DISCRETIONARY BANKRUPTCY STAY. | |
| JULIAN ST. ROSE, ET AL. <br><br> PLAINTIFFS, <br><br> V. <br><br> VIRGIN ISLANDS INDUSTRIAL MAINTENANCE CORPORATION; ET AL., <br><br> DEFENDANTS. | **Case No. SX-2002-CV-00598** <br><br> Action for Damages <br><br> Complex Litigation Division <br><br> Jury Trial Demanded |
| DIANE CORNWALL, ET AL., <br><br> PLAINTIFFS, <br><br> V. <br><br> VIRGIN ISLANDS INDUSTRIAL MAINTENANCE CORPORATION; ET AL., <br><br> DEFENDANTS. | **Case No. SX-2002-CV-00641** <br><br> Action for Damages <br><br> Complex Litigation Division <br><br> Jury Trial Demanded |
| JUAN CASTILLO; ET AL., <br><br> PLAINTIFFS, <br><br> V. <br><br> ST. CROIX BASIC SERVICES, INC., ET AL., <br><br> DEFENDANTS. | **Case No. SX-2009-CV-00299** <br><br> Action for Damages <br><br> Complex Litigation Division <br><br> Jury Trial Demanded |
| IN RE: REFINERY HYDROCARBON RELEASE LITIGATION. | **Master Case No. SX-2015-CV-00100** <br><br> Complex Litigation Division |

| | |
|---|---|
| IN RE: DISPUTE RESOLUTION PLAN – EMPLOYER RETALIATION LITIGATION. | **Master Case No. SX-2019-MC-00053** <br><br> Complex Litigation Division |

## ERRATA ORDER

**COMES NOW** the Court, *sua sponte*, and issues this Order to correct the following scrivener's errors in the Memorandum Opinion entered December 4, 2023 (2023 VI Super 75). Accordingly, it is hereby **ORDERED** that the following corrections shall be made:

On page 5, in paragraph 2, delete "life" and replace it with "lift";

On page 7, in paragraph 4, delete "Twenty-two" and replace it with "Twenty-one";

On page 10, in footnote 4, italicize "see id.";

On page 12, in paragraph 11, two lines from the top, delete the duplicate period after "*See id.*";

On page 15, in paragraph 16, replace "twenty-two" with "twenty-one"; and

On page 27, in paragraph 32, replace "Twenty-two" with "Twenty-one".

**DONE and so ORDERED** this 6th day of December, 2023.

**HAROLD W.L. WILLOCKS**
Administrative Judge of the Superior Court

**ATTEST**:
Tamara Charles
Clerk of the Court

By: _____
Court Clerk Supervisor
Dated: 12/6/2023